JUSTICE DOUGHERTY, concurring I join the majority in reversing the Superior Court and affirming the Orphans’ Court’s ultimate holding that the Decedent died intestate and Decedent’s widow, Joy, possesses superior title to the farm as a surviving tenant by the entireties pursuant to the recorded 2006 Deeds. See Majority Opinion at 256-57, 267. I depart from the majority opinion only with respect to its vague directive that this matter is “remanded for further proceedings consistent with this Opinion.” Id. at 273. In my view, this instruction in.this particular, case fails to clearly direct the parties and lower courts as to what should take place on remand, and in which court those addition-, al proceedings should occur. ■ My review of the record does not reveal any outstanding legal issues to be resolved by a lower court on remand. The July 22, 2014 Decree entered by President Judge McBride of the Orphans’ Court division of the Court of Common Pleas of Beaver County provides: For the reasons set forth in the foregoing Memorandum Opinion, it is Decreed that the Respondent, Joy Planee possesses the superior title to the Planee farm. Furthermore, the Order of this Court dated August 27, 2013 that allowed a photocopy of the May 24, 2012 Last Will and Testament to be admitted to probate was improvidently entered and is hereby revoked, and it is declared that the Decedent, Alfred E. Planee Jr., died intestate: The Register of Wills is directed to remove Timothy Planee as the Executor of this Estate and is free to accept a Petition for Administration D.B.N. Pursuant to this Decree, now effectively reinstated by the majority, the only remaining action for the Orphans’ Court on remand is the' removal of Timothy Planee as the Executor of the Estate. The Decedent’s heirs may subsequently file a Petition for Administration, D.B.N., which is currently not reflected in the docket sheet for the Beaver County Register of Wills.